NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DARNELL BALLARD, | : | |
| | : | Civ. No. 22-4574 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DAVID KELSEY, | : | |
| | : | |
| Respondent | : | |

BUMB, United States District Judge

Petitioner Darnell Ballard, a pretrial detainee confined in the Atlantic County Justice Facility ("ACJF") in Mays Landing, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging he was denied procedural due process in connection with a disciplinary proceeding in ACJF, and that he is innocent of the charges for which he was sanctioned to 60 days loss of phone and tablet privileges and eight days disciplinary confinement, in addition to five days in pre-hearing detention. (Pet., Docket No. 1.) For relief, Petitioner seeks to expunge the charges from his record. Petitioner paid the $5 filing fee for a habeas petition under 28 U.S.C. § 1914(b).

This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4.

## I. DISCUSSION

"Although both [42 U.S.C.] § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). "In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court explained that 'habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement[.]'" *Bronson v. Demming*, 56 F. App'x 551, 553 (3d Cir. 2002) (quoting *Preiser*, 411 U.S. at 490.) The Third Circuit has explained that,

> whenever the challenge ultimately attacks the "core of habeas"—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Id.* (quoting *Leamer*, 288 F.3d at 542.)

Here, where Plaintiff seeks expungement of sanctions that deprived him of phone and tablet privileges and subjected him to a period of disciplinary confinement, he is not challenging the fact or length of his sentence, and his claim

must be brought under § 1983 as a challenge to his conditions of confinement. Therefore, this Court will dismiss the habeas petition for lack of jurisdiction but direct the Clerk of Court to file the petition as a civil rights complaint under 42 U.S.C. § 1983. The Court makes no finding as to the merit of Plaintiff's due process challenge under § 1983. If Plaintiff wishes to proceed under § 1983, the filing fee for a civil action is $350, and there is a $52.00 administrative fee. If Plaintiff is financially eligible, he may choose to seek *in forma pauperis* ("IFP") status and pay the filing fee in installments pursuant to 28 U.S.C. § 1915(a). Plaintiff should be advised, however, that

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal--
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).   If Plaintiff pays the filing fee or seeks IFP status to bring this action under § 1983, the complaint will subject to screening for dismissal, and if it is dismissed, the filing fee will not be returned.

## II. CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the habeas petition for lack of jurisdiction and direct the Clerk to file a copy of the habeas petition in a new civil action as a prisoner civil rights complaint under 42 U.S.C. § 1983, and terminate the new civil action because Petitioner has not paid the appropriate filing fee or filed an IFP application to bring his claims under 42 U.S.C. § 1983.

Dated:   <u>October 3, 2022</u>                                  <u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**